Paul B. Schroeder, Esquire (SBN 179527)
Law Offices of Paul Schroeder
1850 Mt. Diablo Blvd., Suite 120
Walnut Creek, CA 94596
Telephone: 925.954.4415
Facsimile: 925.279.1160
Email:  Paul@pschroederlaw.com

Alan L. Frank, Esquire
(Pro hac vice application pending)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
Telephone: 215.935.1000
Facsimile: 215.935.1110
Email:  afrank@alflaw.net

Attorneys for Plaintiffs
Educational Impact, Inc. and
Teachscape, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUCATIONAL IMPACT, INC., a Pennsylvania Corporation, and TEACHSCAPE INC., a Delaware Corporation, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND DECLARATORY RELIEF;** |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation, and AXIS INSURANCE COMPANY, an Illinois Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs Educational Impact, Inc. ("EI") and Teachscape Inc. ("Teachscape"), by and through their undersigned counsel, complains against the Defendants Travelers Property Casualty Company of America ("Travelers") and Axis Insurance Company ("Axis") and in support thereof, respectfully sets forth as follows:

1.     Teachscape is insured under a package of insurance policies issued by Travelers (the "2011-2012 Travelers Policies," the "2012-2013 Travelers Policies," and the "2013-2014 Travelers Policies" or collectively the "Travelers Policies") that provides, *inter alia*, Commercial General Liability ("CGL") coverage, and Excess Liability coverage. The Policies were issued and sold to Teachscape by defendant Travelers.  Copies of the 2011-2012 Travelers Policies are attached hereto as Exhibit A and incorporated herein; copies of the 2012-2013 Travelers Policies are attached hereto as Exhibit B and incorporated herein; copies of the 2013-2014 Travelers Policies are attached hereto as Exhibit C and incorporated herein. Teachscape tendered claims and suits to Travelers for defense and indemnification arising out of several underlying actions (the "Underlying Actions", as defined in more detail below) brought against Teachscape and several of its customers by EI.  EI's claims and suits relate to Teachscape's business relationships with non-party Charlotte Danielson and the Danielson Group, LLC (collectively the "Danielson Non-parties") and concern Teachscape's use, copying, distribution, and licensing of the Danielson Non-parties' 2011 and 2013 editions of the Danielson Framework For Teaching Evaluation Instrument ("FFT2011," "FFT2013," or "FFT2011/2013").  These Underlying Actions assert claims which are covered and/or potentially covered under the Travelers Policies.  Travelers has wrongfully denied coverage, and refused to provide Teachscape a defense or indemnification for any of the Underlying Actions under the Travelers Policies.

2.     Teachscape is also insured under an insurance policy issued by Axis (the "Axis Policy") that provides, *inter alia*, Errors and Omissions ("E&O") coverage.   The Policy was issued and sold to Teachscape by defendant Axis.  A copy of the Axis Policy is attached hereto as Exhibit D, and incorporated herein.   Teachscape tendered claims and suits to Axis for defense and indemnification arising out the Underlying Actions brought

against Teachscape and several of its customers by EI.  EI's claims and suits relate to Teachscape's business relationships with the Danielson Non-parties and concern Teachscape's use, copying, distribution, and licensing of the Danielson Non-parties' FFT2011/2013.  These Underlying Actions assert claims which are covered and/or potentially covered under the Axis Policy.  Axis has wrongfully denied coverage, and refused to provide a defense or indemnification for any of the Underlying Actions under the Axis Policy.

3.      By reason of the wrongful acts, errors and omissions of Travelers and Axis as described herein and as may be discovered in this action and proved at trial, Teachscape has been compelled to file this lawsuit seeking, among other things, damages for amounts incurred in connection with defense and indemnification arising out of the covered Underlying Actions.  Teachscape's damages are in excess of Ten Million Dollars ($10,000,000).

4.      Plaintiff Teachscape has assigned to EI all of Teachscape's claims against Defendants regarding the Underlying Actions, to the maximum extent assignable under California law to EI, Teachscape has retained its claims against Defendants for punitive damages recoverable for breach of the implied covenant of good faith and fair dealing. A copy of the confirmation of this assignment between Teachscape and EI is attached hereto as Exhibit E, and incorporated herein.

**THE PARTIES**

5.      Plaintiff Teachscape is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 655 Montgomery Street, 8th Floor, San Francisco, CA 94111.

6.      Plaintiff EI is a Pennsylvania corporation with a principal place of business at 270 Pennbrook Parkway, Lansdale, PA 19446.

7.      The Plaintiffs are informed and believe and on that basis allege that defendant Travelers is a Connecticut corporation with its principal place of business in Hartford,

COMPLAINT FOR BREACH OF CONTRACT

Connecticut.

8.      The Plaintiffs are informed and believe and on that basis allege that defendant Axis is an Illinois corporation with its principal place of business in Georgia.

## JURISDICTION

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount of controversy exclusive of attorney's fees and costs exceeds Seventy Five Thousand Dollars.

10.      This Court has personal jurisdiction over the parties to this action.

11.      Venue is proper under 28 U.S.C. § 1391(b)(2) because, among other things, the Underlying Actions concern alleged acts, errors and omissions by Teachscape in San Francisco.

## THE POLICIES

### A.  The Travelers Policies

12.      Travelers issued and sold to Teachscape a package of insurance policies including the following: Commercial General Liability, Policy No. H-630-0C383969; and Umbrella Liability Policy, Policy No. CUP0C383969. The effective dates of the above listed policies were May 25, 2013 through May 25, 2014.

13.      The above referenced policies were renewals of policies previously issued by Travelers to Teachscape which included the following:

- Travelers Commercial General Liability ("CGL") Policy no. H-630-2A093694-TIL-11, issued to Teachscape, Inc. (policy period of 5/25/11-5/25/12);

- Travelers Umbrella Liability Policy no. HSM-CUP-2A093694-TIL-11, issued to Teachscape, Inc. (policy period of 5/25/11-5/25/12);

- Travelers Commercial General Liability Policy no. H-630-2A093694-TIL-12, issued to Teachscape, Inc. (policy period of 5/25/12-5/25/13);

- Travelers Umbrella Liability Policy no. HSM-CUP-2A093694-TIL-12, issued to Teachscape, Inc. (policy period of 5/25/12-5/25/13);

COMPLAINT FOR BREACH OF CONTRACT

14.     Teachscape is a named insured under the Travelers Policies.

15.     Teachscape timely paid to Travelers the full premium due under the Travelers Policies.

16.     Under the relevant CGL provisions of the Travelers Policies, Travelers agreed, among other things, to pay all damages Teachscape became legally obligated to pay as damages because of "personal and advertising injury." Exhibit A, at 117. An endorsement to the Travelers Policies defines "advertising injury" as "injury caused by the infringement of copyright, 'title' or 'slogan' in your 'advertisement', provided that the claim is made or the 'suit' is brought by a person or organization that claims ownership of such copyright, 'title' or 'slogan'." Exhibit A, at 117. The CGL portion of the Travelers Policies also states that Travelers will "have the right and duty to defend the insured against any 'suit' seeking those damages." Exhibit A, at 101.

17.     The Travelers Policies define "title" as "a name of a literary or artistic work." "Slogan" is defined to include a "phrase that others use for the purpose of attracting attention in their advertising."  "Advertisement" is defined as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. . ." Exhibit A, at 108.

18.     Under the Excess Liability coverage provisions of the Travelers Policies, Travelers agreed, among other things, "to pay on behalf of the insured the 'ultimate net loss'  in excess of the 'applicable underlying limit' which the insured becomes legally obligated to pay as damages because of . . . 'advertising injury' to which this insurance applies."  "Applicable underlying limit" is defined to include the limits of the CGL portion of the Travelers Policies.

19.     The Excess Liability portion of the Policy also provides that Travelers has "the right and duty to defend any "suit" for damages which are payable under Coverages A or B (including damages wholly or partly within the "retained limit") but which are not payable by a policy of 'underlying insurance', or any other available insurance because: (1) Such damages are not covered; or the 'underlying insurance' has been exhausted by the

COMPLAINT FOR BREACH OF CONTRACT

payment of claims."

**B.     The Axis Policy**

20.     Axis issued and sold to Teachscape an insurance policy, Policy No. MCN000037421301 covering the period July 19, 2013 to May 25, 2014. The Axis Policy obligates Axis to provide E&O coverage.  Teachscape is a named insured under the Policy.

21.     Teachscape timely paid to Axis the full premium due under the Policy.

22.     Under the E&O provisions of the Axis Policy, Axis agreed, among other things, to pay all damages Teachscape became obligated to pay for a covered loss, including those resulting from technological or professional services liability, content liability or security and privacy liability.  The Axis Policy states in pertinent part:

**1.  Technology and Professional Liability**

The Company will pay on behalf of the Insured those sums, in excess of the applicable Retention and within the Limit of Insurance, which the Insured becomes legally obligated to pay as Damages or Claim Expense because of a Claim arising out of a Wrongful Act committed:

a.   By the Insured in the performance of Technology Services for others for compensation;

b.   By the Insured that results in the failure of Technology Products to perform the function or serve the purpose intended; or

c.   By the Insured in the performance of Professional Services for others for compensation;

when such Claim is first made against any Insured and reported to the Company during the Policy Period or any Extended Reporting Period.

**2.  Content Liability**

The Company will pay on behalf of the Insured those sums, in excess of the applicable Retention and within the Limit of Insurance, which the Insured becomes legally obligated to pay as Damages or Claim Expense because of a Claim arising out of a Wrongful Act committed by the Insured in obtaining, processing, uttering or disseminating Matter in the course of performing Technology Services or Professional Services, when such Claim is first made against any Insured and reported to the Company during the Policy Period or any Extended Reporting Period.

COMPLAINT FOR BREACH OF CONTRACT

Exhibit D, at 4.

23.    The Axis Policy defines a "Claim" as "a written demand or written assertion of a legal right made against any Insured seeking Damages or non-monetary relief, including arbitration proceedings."   The Axis Policy also states that Axis will "have the right and duty to appoint counsel and defend a covered Claim, even if the allegations are groundless, false or fraudulent."

24.    The Axis Policy defines "wrongful act" to include:

"Wrongful Act" means the following conduct or alleged conduct by an Insured, or any person or organization for whom an Insured is legally liable, in its capacity as such

1.  With respect only to Section I.A.1. Technology and Professional Liability:

a. Negligent act, error, or omission, which shall include a negligent act, error or omission that results in copyright infringement of software but only if such infringement arises out of Technology Services or software developed or created by the Insured and distributed, licensed or sold to others by the Insured for compensation;

b. Unintentional breach of contract;

c. Defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organization, including libel, slander, product disparagement, trade libel, infliction of emotional distress, malicious falsehood, outrage or outrageous conduct;

d. Invasion, infringement or interference with rights of privacy or publicity, including false light, public disclosure of private facts, intrusion, breach of confidence and commercial appropriation of name or likeness . . . .

2.  With respect only to Section I.A.2. Content Liability:

a. Defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organization, including libel, slander, product disparagement, trade libel, infliction of emotional distress, malicious falsehood, outrage or outrageous conduct;

b. Invasion, infringement or interference with rights of privacy

COMPLAINT FOR BREACH OF CONTRACT

or publicity, including false light, public disclosure of private facts, intrusion, breach of confidence and commercial appropriation of name or likeness;

  c. Infringement of title, slogan, trademark, trade name, trade dress, service mark or service name, including any related misuse of such intellectual property rights in Matter;

  d. Infringement of copyright, including any related misuse of such intellectual property rights in Matter, provided however, this does not include copyright infringement of software;

  e. False attribution of authorship, passing off, plagiarism or misappropriation of ideas under implied contract, including any related misuse of such intellectual property rights in Matter . . . .

## THE UNDERLYING ACTIONS

25. Plaintiff Teachscape is in the business of developing, constructing, marketing, and selling educational products and services to teachers, administrators, schools, colleges, universities, state departments of education, and other organizations in the field of education.  Teachscape's products and services include professional development for teachers and administrators, teacher evaluation software, and online training.

26. Non-party Charlotte Danielson ("Danielson") works in teacher and administrator training and professional development. Since the early nineties Danielson has worked almost exclusively in the field of teacher and administrator training, teacher evaluation, and teacher and administrator professional development. During that time, Danielson expanded her business by creating the Danielson Group. The Danielson Group engages the services of independent consultants, trainers, and contractors to provide face-to-face training on the use of the Framework for Teaching to schools around the world.

27. In January, 2011, Teachscape and Danielson entered into a Development And Exclusive License Agreement (the "Exclusive License Agreement" - attached hereto as Exhibit "F") under which Danielson "grant[ed] Teachscape an exclusive license to the Licensor Content." By the terms of the Exclusive License Agreement and various Amendments, the Licensor Content

COMPLAINT FOR BREACH OF CONTRACT

included, among other content, exclusive rights "to use, copy, perform, display, sell, resell and distribute" FFT2011/13.

28.     On or about February 11,  2014, Teachscape Inc., Charlotte Danielson, The Danielson Group LLC, and Outcomes Associates Inc. (related to Danielson and The Danielson Group) were sued by Educational Impact, Inc. in the United States District Court for the District of New Jersey, Docket No. 14-cv-00937 (the "New Jersey Action").

29.     In the original Complaint (attached hereto as Exhibit "G"), EI alleged, among other things, that Danielson had granted to EI a prior exclusive license to the same content licensed to Teachscape, that EI possessed proprietary rights to the FFT2011/13, that Danielson's exclusive license grant to Teachscape violated and infringed EI's proprietary rights in the FFT2011/13, and that Teachscape's claimed exclusivity was false and/or misleading because Danielson's exclusive license grant of the FFT2011/13 to Teachscape infringed the proprietary rights in the Framework For Teaching previously granted to EI. "Framework for Teaching," and variations thereof, constitute both a "title" and a "slogan" within the meaning of the Travelers Policies.

30.     In September 2014, EI filed the following lawsuits against three  public school district customers:

●*Educational Impact, Inc. v. New York City Department of Education,* Case No. 1:14-cv-05177-DLI-MDG, United States District Court, Eastern District of New York

●*Educational Impact, Inc. v. Rochester City School District*, Case No. 6:14-cv-06503, United States District Court, Western District of New York

●*Educational Impact, Inc. v. Pittsburgh Public School District,* Case No. 2:14-cv-01272-RCM, United States District Court, Western District of Pennsylvania

Copies of these complaints are attached hereto as Exhibits "H", "I", and "J" and incorporated herein (collectively the "Customer Actions"). Moreover, Teachscape's customers have demanded that Teachscape indemnify them with regard to the above referenced actions.  The school districts' demands for indemnity were forwarded to Travelers and Axis via Teachscape's insurance broker ABD Insurance & Financial Services on or before May 28, 2015. A copy of these indemnity demands are attached hereto as Exhibit "K", "L" and "M" and are incorporated herein.

COMPLAINT FOR BREACH OF CONTRACT

31.    These EI customer suits alleged that each School District infringed an EI-owned copyright based on its "purchase and use" of an allegedly "infringing" "online teacher training program." Among other things, the Customer Actions alleged that:

(1) EI owned and had standing to enforce a United States copyright in the FFT2011 and FFT2013 under an exclusive license grant from Danielson; and

(2) The School Districts infringe EI's copyright by their "purchase and continued use" of online teacher training programs.

32.    The New Jersey Action and the Customer Actions are collectively referred to herein as the "Underlying Actions."

33.    The Underlying Actions are covered under the Travelers Policies and/or the Axis Policy. In all four lawsuits, EI alleged claims for "infringement of copyright, title or slogan." Specifically, in the Customer Actions, EI alleged claims of copyright infringement alleging that the Licensor Content (FFT2011 and FFT2013) infringes a copyright of a third party (EI). Further, in the New Jersey Action, EI alleged claims that the Licensor Content (which includes the FFT2011 and FFT2013) infringe a "proprietary right" (an exclusive license) of a third party (EI); i.e., Teachscape's statements that it possessed exclusive rights to the FFT2011/13 is "false and misleading" only if Danielson's exclusive license grant to Teachscape infringes the proprietary rights previously granted to EI. Further, EI's claims in the New Jersey Action were premised in part on its alleged ownership of copyrights in FFT2011 and FFT2013 under an exclusive license grant from Danielson. EI sought a substantial damage award, in the tens of millions of dollars, from Teachscape.

34.    Based on the foregoing, coverage exists for the claims set forth in the Underlying Actions under both the CGL provisions (Coverage B) and the Excess coverage provisions contained within the Travelers Policies.

35.    In addition, all of the claims asserted in the several EI lawsuits are Claims that are covered or potentially covered by the Axis Policy, because they allege negligent acts, errors and omissions; infringement of copyright, title or slogan, misappropriation, and related misuse of intellectual property rights, and other "Wrongful Acts" within the meaning of the Axis Policy.

COMPLAINT FOR BREACH OF CONTRACT

**TRAVELERS' WRONGFUL FAILURE TO DEFEND AND INDEMNIFY**

36.     Teachscape promptly and timely notified Travelers of the New Jersey Action and the Customer Actions, providing Travelers with the original complaints and amended complaints (if any) therein.  Teachscape demanded that Travelers promptly provide defense and indemnity to Teachscape for and in connection with the Underlying Actions.

37.     Travelers wrongfully refused and failed to accept Teachscape's notice(s) and tender(s) of defense and indemnity in the Underlying Actions under the Travelers Policies. Travelers failed to undertake any meaningful investigation of the Underlying Actions, as demonstrated by, *inter alia,* its conclusory assertion  that the New Jersey Action contains "no claim for copyright infringement, nor is there any claim for infringement of title . . . or slogan."  Travelers made this assertion without any explanation in a denial letter dated April 9, 2014—less than a week after Teachscape had tendered the New Jersey Action to Travelers.  When Teachscape asked Travelers to reconsider its position in light of (1) subsequent pleadings in the New Jersey Action and (2) the allegations of the Customer Complaints, Travelers reaffirmed its denial of coverage, again without providing any substantive analysis of the Underlying Actions.

38.     Because Travelers refused to acknowledge or perform its coverage obligations, Teachscape suffered many millions in damages, including substantial defense fees and costs, the costs of settlement, and other amounts to fully resolve the Underlying Actions.

**AXIS'S WRONGFUL FAILURE TO DEFEND AND INDEMNIFY**

39.     Teachscape promptly and timely notified Axis of the New Jersey Action and the Customer Actions, providing Travelers with the original complaints and amended complaints (if any) therein.   Teachscape demanded that Axis promptly provide defense and indemnity to Teachscape for and in connection with the Underlying Actions.

40.     Axis wrongfully refused and failed to accept Teachscape's notice(s) and tender(s) of defense and indemnity in the Underlying Actions under the Axis Policy.

41.     Because Axis refused to acknowledge or perform its coverage obligations, Teachscape suffered many millions in damages, including substantial defense fees and costs, settlement and other indemnity costs and other amounts to fully resolve the Underlying Actions.

### ADDITIONAL DAMAGES BASED ON BUSINESS LOST BY TEACHSCAPE

42.     In addition to the foregoing, Teachscape has incurred damages in the form of lost business relating to clients, both known and unknown, who terminated their relationship with Teachscape or declined to enter into a business relationship with Teachscape as a result of the EI litigation and Defendants' wrongful refusal to defend and indemnify Teachscape in connection with those lawsuits.

43.     Teachscape lost business from clients that include but are not limited to the following: (1) New York City Department of Education, (2) the Rochester City School District, and (3) the Pittsburgh Public School District.

44.     On information and belief, Teachscape lost business from numerous potential clients as a result of the Underlying Actions, which asserted infringement of copyrights and other intellectual property associated with the FFT2011/13, and as a result of Defendants' wrongful refusal to defend and indemnify Teachscape in connection with those lawsuits.

### FIRST CAUSE OF ACTION

**(Breach of Contract – Travelers' Failure to Defend and Indemnify Under the Travelers Policies)**

45.     Plaintiff EI realleges and incorporates by reference the allegations of paragraphs 1 through 44 as though fully set forth herein.

46.     Teachscape and Travelers are parties to the Travelers Policies, which constitute binding contracts between Teachscape and Travelers.

47.     Teachscape has fully performed the contract, and all conditions, covenants and promises required on its part to be performed, in accordance with the terms and

conditions of the Travelers Policies, except to the extent that Teachscape's obligations have been excused, released or waived by Travelers or by operation of law.

48.     Travelers has breached its contract of insurance by refusing and failing to provide defense and indemnification for Teachscape in and in connection with the Underlying Actions.

49.     As a direct and proximate result of Traveler's breaches of its contractual duties,  Teachscape has sustained substantial damages and economic losses, including without limitation attorneys' fees and costs incurred to defend itself in the Underlying Actions, settlement and resolution costs and other amounts, subject to proof at the time of trial, but not less than $10 million.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Axis's Failure to Defend and Indemnify Teachscape Under the Axis Policy)

50.     EI realleges and incorporates by reference the allegations of paragraphs 1 through 49 as though fully set forth herein.

51.     Teachscape and Axis are parties to the Axis Policy, which constitutes a binding contract between Teachscape and Axis.

52.     Teachscape has fully performed the contract, and all conditions, covenants and promises required on its part to be performed, in accordance with the terms and conditions of the Axis Policy, except to the extent that Teachscape's obligations have been excused, released or waived by Axis or by operation of law.

53.     Axis has breached its contract of insurance by refusing and failing to provide defense and indemnification for Teachscape in connection with the Underlying Actions.

54.     As a direct and proximate result of Axis's breaches of its contractual duties, Teachscape has sustained substantial damages and economic losses, including without limitation attorneys' fees and costs incurred to defend itself in the Underlying Actions, settlement and resolution costs and other amounts, subject to proof at the time of trial, but

not less than $10 million.

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing by Travelers)

55.     EI and Teachscape reallege and incorporate by reference the allegations of paragraphs 1 through 54 as though fully set forth herein.

56.     Travelers at all material times had a duty to act fairly and in good faith to Teachscape in carrying out its responsibilities under the Travelers Policies.  Part of Travelers' obligation to act fairly and in good faith toward Teachscape is its duty to promptly and fairly respond to claims and requests of the insured and to make reasonable, good faith evaluations and decisions concerning such claims and requests.  The implied covenant of good faith and fair dealing further constituted promises and obligations on the part of Travelers that it would do nothing to injure, frustrate or interfere with the rights of Teachscape under the Travelers Policies to receive the benefits of the Travelers Policies.

57.     Travelers has breached the implied covenant of good faith and fair dealing by engaging in a continuous course of conduct wrongfully to refuse to provide a defense for or indemnity in connection with the Underlying Actions.  Specifically, Travelers:

- has failed to properly investigate Teachscape's insurance claims and the claims in the Underlying Actions;
- unreasonably has failed to provide Teachscape with a defense in the Underlying Actions, without proper cause and without regard to the provisions of the Policies, relevant case law, and the allegations, claims and assertions in the Underlying Actions;
- unreasonably has failed to provide a defense and accept indemnity duties based on its desire to avoid its obligations to Teachscape;
- has refused and failed to provide insurance benefits at a time when Travelers knew or reasonably should have known that Teachscape was entitled to them;
- has refused to provide a defense with the intention of causing Teachscape to

COMPLAINT FOR BREACH OF CONTRACT

forego legal rights under the Policies, including rights to insurer-paid counsel and other benefits of the Policies;

- has refused and declined reasonably to consider the information, documents and authorities Teachscape has provided, and has failed to make any reasonable attempt to resolve the coverage dispute;

- placed its own interests ahead of the interest of the insured; and

- taken other actions to injure, and which have injured, the interests of Teachscape.

58.   As a direct and proximate result of Traveler's breaches, Teachscape has suffered and continues to suffer substantial damages, in an amount to be determined at trial. Such damages include, without limitation, attorneys' fees and costs incurred for counsel to represent and defend Teachscape in connection with the Underlying Actions, settlement costs in connection with the Underlying Actions, arbitration costs and other items, as well as the loss of business resulting in substantial consequential damages to Teachscape. Teachscape also has incurred and continues to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled, and which Travelers wrongfully has denied, under the Travelers Policies.

59.   Travelers has acted towards Teachscape in a despicable manner with a willful and conscious disregard of Teachscape's rights, which has subjected Teachscape to cruel and unjust hardship, thereby constituting oppression, fraud or malice and justifying punitive and exemplary damages in an amount to be determined at trial, sufficient to punish Travelers for their despicable conduct.  Teachscape is informed and believes and thereon alleges that Travelers' acts were performed and/or ratified by their managerial employees and affiliated entities, all of whom acted pursuant to a common plan, and with knowledge that Travelers' conduct would cause Teachscape harm.

**FOURTH CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing by Axis)**

60.   EI and Teachscape reallege and incorporate by reference the allegations of

paragraphs 1 through 59 as though fully set forth herein.

61.     Axis at all material times had a duty to act fairly and in good faith to Teachscape in carrying out its responsibilities under the Axis Policy.  Part of Axis's obligation to act fairly and in good faith toward Teachscape is its duty to promptly and fairly respond to claims and requests of the insured and to make reasonable, good faith evaluations and decisions concerning such claims and requests.  The implied covenant of good faith and fair dealing further constituted promises and obligations on the part of Axis that it would do nothing to injure, frustrate or interfere with the rights of Teachscape under the Axis Policy to receive the benefits of the Axis Policy.

62.     Axis has breached the implied covenant of good faith and fair dealing by engaging in a continuous course of conduct wrongfully to refuse to provide a defense for or indemnity in connection with the Underlying Actions.  Specifically, Axis:

- has failed to properly investigate Teachscape's insurance claims and the claims in the Underlying Actions;

- unreasonably has failed to provide Teachscape with a defense in the Underlying Actions, without proper cause and without regard to the provisions of the Policy, relevant case law, and the allegations, claims and assertions in the Underlying Actions;

- unreasonably has failed to provide a defense and accept indemnity duties based on its desire to avoid its obligations to Teachscape;

- has refused and failed to provide insurance benefits at a time when Axis knew or reasonably should have known that Teachscape was entitled to them;

- has refused to provide a defense with the intention of causing Teachscape to forego legal rights under the Policy, including rights to insurer-paid counsel and other benefits of the Policy;

- has refused and declined reasonably to consider the information, documents and authorities Teachscape has provided, and has failed to make any reasonable attempt to resolve the coverage dispute;

COMPLAINT FOR BREACH OF CONTRACT

- placed its own interests ahead of the interest of the insured; and

- taken other actions to injure, and which have injured, the interests of Teachscape.

63.     As a direct and proximate result of Axis's breaches, Teachscape has suffered and continues to suffer substantial damages, in an amount to be determined at trial.  Such damages include, without limitation, attorneys' fees and costs incurred for counsel to represent and defend Teachscape in connection with the Underlying Actions, settlement costs in connection with the Underlying Actions, arbitration costs and other items. Teachscape also has incurred and continues to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled, and which Axis wrongfully has denied, under the Axis Policy.

64.     Axis has acted towards Teachscape in a despicable manner with a willful and conscious disregard of Teachscape's rights, which has subjected Teachscape to cruel and unjust hardship, thereby constituting oppression, fraud or malice and justifying punitive and exemplary damages in an amount to be determined at trial, sufficient to punish Axis for their despicable conduct.  Teachscape is informed and believes and thereon alleges that Axis's acts were performed and/or ratified by their managerial employees and affiliated entities, all of whom acted pursuant to a common plan, and with knowledge that Axis's conduct would cause Teachscape harm.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief Against Travelers)**

65.     EI realleges and incorporates by reference the allegations of paragraphs 1 through 64 as though fully set forth herein.

66.     An actual controversy has arisen and now exists between Teachscape and Travelers concerning their respective rights and obligations under the Travelers Policies, in that Teachscape contends that Travelers is obligated to defend Teachscape and pay all fees, costs, expenses, and charges incurred in connection with the defense of the Underlying Actions, and that Travelers is obligated to indemnify Teachscape for the settlement of the

Underlying Actions, and  any other obligation in connection with the Underlying Actions.

67.     Teachscape believes and alleges that Travelers disputes these contentions, and in particular, disputes that it is obligated to provide and pay for counsel to defend and represent Teachscape in the Underlying Actions and that it is obligated to indemnify Teachscape as set forth above.

68.     A determination by this Court of the respective rights, duties and obligations under the Policy is necessary and proper to avoid further prejudice to Teachscape's rights.

69.     EI desires a judicial determination and declaration of Traveler's duties under the Travelers Policies as set forth above, and specifically requests this Court to declare that Travelers must pay for the defense of Teachscape in connection with the Underlying Actions and that Travelers must indemnify Teachscape as set forth above.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief Against Axis)

70.     EI realleges and incorporates by reference the allegations of paragraphs 1 through 69 as though fully set forth herein.

71.     An actual controversy has arisen and now exists between Teachscape and Axis concerning their respective rights and obligations under the Axis Policy, in that Teachscape contends that Axis is obligated to defend Teachscape and pay all fees, costs, expenses, and charges incurred in connection with the defense of the Underlying Actions, and that Axis is obligated to indemnify Teachscape for the settlement of the Underlying Actions, and any other obligation in connection with the Underlying Actions.

72.     Teachscape believes and alleges that Axis disputes these contentions, and in particular, disputes that it is obligated to provide and pay for counsel to defend and represent Teachscape in the Underlying Actions and that it is obligated to indemnify Teachscape as set forth above.

73.     A determination by this Court of the respective rights, duties and obligations under the Policy is necessary and proper to avoid further prejudice to Teachscape's rights.

74.    EI desires a judicial determination and declaration of Axis's duties under the Axis Policy as set forth above, and specifically requests this Court to declare that Axis must pay for the defense of Teachscape in connection with the Underlying Actions and that Axis must indemnify Teachscape as set forth above.

WHEREFORE, plaintiffs Educational Impact, Inc. and Teachscape Inc. demand judgment against defendants Travelers Property Casualty Company of America and Axis Insurance Company as follows:

a.    for damages in excess of $10 million, in an amount to be proved at trial;

b.    for exemplary damages;

c.    for all other benefits of the Axis Policy and Travelers Policies according to proof;

d.    for a declaration of the parties' respective rights and obligations under the Axis Policy and Travelers Policies;

e.    for attorneys' fees and costs incurred in connection with this action and in obtaining benefits to which Teachscape is entitled under the Travelers Policies and the Axis Policy;

f.    for prejudgment interest;

g.    for costs of suit; and

h.    for such other and further relief as this Court may deem just and proper.

DATE:  September 30, 2015

By  ____*s/ Paul B. Schroeder*_____
Paul B. Schroeder, Esquire
Attorney ID No. 179527
Law Offices of Paul Schroeder
1850 Mt. Diablo Blvd., Suite 120
Walnut Creek, CA 94596
Telephone: 925.954.4415
Facsimile: 925.279.1160
Email:  Paul@pschroederlaw.com

COMPLAINT FOR BREACH OF CONTRACT

1

2
                                       *s/ Alan L. Frank*

3
Alan L. Frank, Esquire
(Pro hac vice application pending)

4
Alan L. Frank Law Associates, P.C.
135 Old York Road

5
Jenkintown, PA 19046
Telephone: 215.935.1000

6
Facsimile: 215.935.1110
Email:  afrank@alflaw.net

7

8

9
Attorneys for Plaintiffs Educational Impact, Inc. and Teachscape, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

COMPLAINT FOR BREACH OF CONTRACT

**DEMAND FOR JURY TRIAL**

Plaintiffs Educational Impact, Inc. and Teachscape Inc. hereby request a jury trial on their Complaint in this matter.

DATE:  September 30, 2015

By _____*s/ Paul B. Schroeder*_____
         Paul B. Schroeder, Esquire
         Attorney ID No. 179527
         Law Offices of Paul Schroeder
         1850 Mt. Diablo Blvd., Suite 120
         Walnut Creek, CA 94596
         Telephone: 925.954.4415
         Facsimile: 925.279.1160
         Email:  Paul@pschroederlaw.com


     _____*s/ Alan L. Frank*_____
         Alan L. Frank, Esquire
         (Pro hac vice application pending)
         Alan L. Frank Law Associates, P.C.
         135 Old York Road
         Jenkintown, PA 19046
         Telephone: 215.935.1000
         Facsimile: 215.935.1110
         Email:  afrank@alflaw.net

         Attorneys for Plaintiffs Educational Impact, Inc. and Teachscape, Inc.

- 21 -