Paul S. White, SBN 146989
Email: pwhite@tresslerllp.com
Elizabeth L. Musser, SBN 203512
Email: emusser@tresslerllp.com
Yvonne M. Schulte, SBN 237868
Email: yschulte@tresslerllp.com
TRESSLER LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA  90067-6006
Telephone:     (310) 203-4800
Facsimile:      (310) 203-4850

Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EDUCATIONAL IMPACT, INC., a Pennsylvania Corporation, and TEACHSCAPE INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation; and AXIS INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendants. | Case No.: 3:15-cv-04510-JSC<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Educational Impact, Inc. and Teachscape Inc. and defendants Travelers Property Casualty Company of America and AXIS Insurance Company (each a "Party" and, collectively, the "Parties") through counsel, respectfully request the entry of a Stipulated Protective Order to govern the treatment of documents and information in this action that contain proprietary and sensitive commercial information.  The Parties request entry of this Stipulated Protective Order to allow for the production of the requested documents and disclosure of other information while maintaining the confidentiality of such documents and information.

1   IT APPEARING TO THE COURT that the entry of this Stipulated Protective Order is
2   consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court; and
3   IT FURTHER APPEARING TO THE COURT that the Parties have consented to the
4   entry of this Stipulated Protective Order;
5   NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:
6   1.  Any information, document, or thing produced or created by a Party (a
7   "Producing Party") in connection with this litigation that is reasonably believed by the Producing
8   Party to contain sensitive proprietary, financial, research, development, commercial, or personal
9   information and/or trade secrets or other confidential information, and that has not previously
10  been produced or made publicly available, may be designated as "Confidential" or "Highly
11  Confidential" Protected Information by such Producing Party.  As used herein, Confidential or
12  Highly Confidential Protected Information may include (a) all papers, tapes, documents
13  (including answers to interrogatories or requests for admission), CD-ROMs, disks, and other
14  tangible things produced by or obtained from a Producing Party; (b) transcripts of depositions
15  herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries
16  prepared from such papers, documents, or things.  The designation of Confidential or Highly
17  Confidential Protected Information shall be made in good faith, and no Producing Party shall
18  designate Protected Information as Confidential or Highly Confidential without a reasonable and
19  good faith belief that such designation is appropriate.  As used herein, "Producing Party" shall
20  refer to any person or entity producing information, documents, discovery responses, or
21  testimony in connection with this litigation, irrespective of whether the Producing Party is a
22  Party.
23  2.  A Producing Party may designate Protected Information as Confidential by
24  stamping or otherwise marking the Protected Information with the following legend:
25  **CONFIDENTIAL**
26  **Subject to Stipulated Protective Order**
27  A Producing Party may designate Protected Information as Highly Confidential by stamping or
28  otherwise marking the Protected Information with the following legend:

**HIGHLY CONFIDENTIAL**

**Subject to Stipulated Protective Order**

3. A non-producing Party (a "Designating Party") may designate Protected Information as Confidential or Highly Confidential by giving written notice to all Parties within 30 days of production by another Party or non-party of the Protected Information that is to be so designated, and by providing replacement copies of the Protected Information with the appropriate designation. In addition, if a Producing Party inadvertently fails to stamp certain documents upon their production, it may designate such documents as Confidential or Highly Confidential by giving notice as described in the preceding sentence, and by providing replacement copies of the Protected Information with the appropriate designation.

4. All Protected Information shall be used solely in connection with this litigation, and the preparation and trial of this litigation, or any appellate proceeding or settlement arising from this proceeding, and not for any other purpose. Protected Information and information derived therefrom shall not be disclosed except as set forth in Paragraphs 5, 6, 7, and/or 8.

5. Protected Information designated as Confidential may be disclosed only to the following persons:

(a) Counsel of record for any Party, including partners, associates, deputies, and assistants of such counsel;

(b) Paralegal, stenographic, clerical, and secretarial personnel employed by counsel described in (a);

(c) Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary, or affiliate of any Party);

(d)(1) Any witness at a deposition, trial, evidentiary hearing, or other court proceeding, subject to Paragraph 8 below;

(d)(2) Percipient witnesses who are Parties or who are current or former employees, officers, agents, partners or directors of a Party, subject to Paragraph 8 below;

(e) Any person who authored or has previously received the Protected

1 Information in the ordinary course of his, her, or its business;

2    (f) Any court reporter or other person involved in recording deposition
3 testimony in this litigation by any means and acting in that capacity;

4    (g) The Court (and any appellate court) and any person employed by the
5 Court whose duties require access to the Protected Information, including court personnel,
6 stenographic reporters, jurors and alternate jurors;

7    (h) The Parties' insurers, reinsurers, reinsurance intermediaries,
8 retrocessionaires of the Parties' reinsurers, regulators, auditors, and accountants, but only to the
9 extent that any such persons or entities have a legitimate need for access to the Protected
10 Information;

11    (i) The Producing Party, including any officer, agent or employee of the
12 Producing Party;

13    (j) Any actual or potential third-party consultant (including without limitation
14 any imaging or other litigation support vendor) and independent expert retained in connection
15 with this action, subject to paragraph 8 below; and

16    (k) Any special masters, mediators, or other third parties appointed by the
17 Court or retained by the Parties for settlement purposes or resolution of discovery or other
18 disputes and their necessary staff.

19   6. Protected Information designated as "Highly Confidential" may be disclosed only
20 to the persons identified in paragraph 5(a), 5(b), and 5(d)-(k).

21   7. The list of persons to whom Protected Information may be disclosed (as set forth
22 in Paragraphs 5 and 6) may be expanded by mutual agreement of counsel of record.  Any Party
23 may propose such an expansion by serving a letter on all counsel of record, and on counsel for
24 the Producing Parties of such Protected Information specifically identifying, and describing the
25 role and function of, the person(s) intended to be added to the list.  Person(s) so designated shall
26 be automatically added to the persons listed in Paragraphs 5 and 6 upon the expiration of ten (10)
27 business days after receipt of the letter to counsel of record, unless counsel for the Producing
28 Parties objects and, within ten (10) business days thereafter, provides a written statement of the

1  basis for such objections.  If counsel for the Producing Party objects to any proposed expansion,
2  no Protected Information produced by the objecting Producing Party may be disclosed to such
3  person unless the Court so orders.  Any person added to the disclosure list in this manner shall be
4  subject to Paragraph 8.

5       8.     Each individual identified in Paragraphs 5(d)(1), 5(d)(2), 5(j), and 7 to whom
6  Protected Information is furnished, shown, or disclosed (except if such individual is a Party; the
7  Producing Party; the Designating Party; a current or former officer, agent, employee, partner,
8  director, trustee or corporate designee of a Party, the Producing Party or the Designating Party),
9  shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing
10 such material a copy of this Order and agree to be bound by its terms, and shall certify that s/he
11 has carefully read the Order and fully understands its terms, by signing the certificate attached as
12 Exhibit A.  If a person referred to in Paragraphs 5(d)(1), 5(d)(2) or 7 refuses to sign the
13 certificate described in Exhibit A, counsel for all parties hereby agree to make good faith efforts
14 to reach an agreement to maintain the confidentiality of any confidential documents prior to
15 disclosing such documents to a person refusing to sign the certificate described in Exhibit A.
16 Such good faith efforts shall include, where necessary, the filing of an appropriate motion with
17 the Court requesting the Court to order the non-cooperating person to keep any confidential
18 information disclosed to him/her confidential.   Counsel for the party who provides Protected
19 Information to the persons listed in Paragraphs 5(d) or 6 shall retain all original signed
20 certificates obtained from any person pursuant to this Paragraph.  Executed Exhibits A shall not
21 be discoverable except as required to enforce this Order or as otherwise allowed under applicable
22 law.

23      9.     The placing of any Confidential or Highly Confidential designation or a
24 production identification number on the face of a document produced shall have no effect on the
25 authenticity or admissibility of that document at trial.  The Parties shall cooperate in obtaining, to
26 the extent reasonably requested by any Party, unmarked copies of stamped documents to be used
27 at trial, *provided, however*, that there shall be no obligation to obtain non-Bates-numbered copies
28 of any document.

10. Nothing in this Order shall be construed to limit in any way the ability of the Producing Party or the Designating Party to use, disclose, or be shown his, her or its own Protected Information in any manner whatsoever.  Nor shall this Order be construed to prevent any Party, its counsel, or its legal team from making use as they see fit of Protected Information that was available to the public or lawfully in the possession of the Party, its counsel, or its legal team, or that properly came into the possession of the Party, its counsel, or its legal team independent of discovery in this litigation.

11. If any Party claims that any matter designated hereunder is not entitled to the protections of this Order, that Party may serve on the Producing Party or the Designating Party an objection to the designation within thirty (30) days of receipt of notice of the designation. After service of the objection, the Parties shall meet and confer regarding the objection.  If the Parties are unable to reach agreement concerning the designation of the matter, then within 30 days of service of the objection, the Producing Party or the Designating Party may file and serve a motion or request informal resolution by the Court regarding whether the Confidential or Highly Confidential designation may be maintained.  The Parties may stipulate in writing to extend the time periods to object and/or file a motion requesting that a designation be maintained.  The Producing Party or the Designating Party shall have the burden of establishing that the designated Protected Information is Confidential or Highly Confidential

12. The foregoing is without prejudice to the right of any Party or non-party: (a) to apply to the Court for a further protective order relating to any Protected Information or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Information beyond the terms of this Order.

13. Any Protected Information that is to be submitted to the Court for any purpose, and any filing that quotes such Protected Information, shall be submitted in accordance with Local Rule 79-5, the provisions of which are hereby incorporated by reference.  The filing party shall have no obligation under this Protective Order if the Court denies an Administrative Motion

1  to File Under Seal.  In lieu of or in addition to filing (under seal) papers that reveal Protected
2  Information, a Party may file a version of a document that has been redacted to remove Protected
3  Information.  A Party choosing to do so shall first confirm with counsel for the Producing Party
4  or the Designating Party that the redactions are sufficient.
5       14. (a) If Protected Information is disclosed at a deposition, only the court
6  reporter, and those persons who are authorized by the terms of this Order to receive such
7  Protected Information may be present.  Nothing in this Stipulated Protective Order shall preclude
8  a party to this litigation from being present during any portion of a deposition. All transcripts of
9  depositions, and exhibits thereto, shall, in their entirety, be treated as Protected Information for a
10 period of 30 days after such transcripts are actually received by counsel for each of the Parties.
11      (b) Prior to the expiration of that 30-day period, deposition transcripts, and
12 exhibits thereto, may be designated as Protected Information pursuant to the terms of this Order
13 by notifying all counsel of record in writing.  After the 30-day period, portions not designated as
14 Protected Information shall no longer be treated as Protected Information.  Any Party or
15 deponent may also designate specific testimony or transcript pages as Protected Information by
16 notice on the record at the deposition.  If any document or information designated as Protected
17 Information pursuant to this Order is used during the course of a deposition herein, that portion
18 of the deposition record reflecting such Protected Information shall be stamped with the
19 appropriate designation and access thereto shall be limited pursuant to the terms of this Order.
20      15. If any Party that possesses another entity's Protected Information under the terms
21 of this Order receives a subpoena or other legal process commanding the production of any such
22 documents (the "subpoena"), such party shall within five business days notify counsel for the
23 Producing Party of the service of the subpoena. The Producing Party then shall have the earlier
24 of the five business days before the return date of the subpoena and ten business days, in which
25 to petition an appropriate court for a protective order relieving the subpoenaed party from having
26 to produce such Protected Information.  The Party receiving the subpoena shall not produce such
27 Protected Information in response to the subpoena unless (1) the Producing Party has failed to
28 petition for a protective order on or before the return date on the subpoena, or (2) a court has

1 issued an order denying the Producing Party's request for protective order.

2     16.    The provisions of this Order shall not terminate at the conclusion of this action. To the extent permitted by law, within 60 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Protected Information received under the provisions of this Order, and all documents containing or describing Protected Information other than trial transcripts, trial exhibits admitted into evidence, certificates executed pursuant to Paragraph 8 hereto, any pleadings or papers filed of record with the Court, and documents reflecting attorney work product and also containing or describing Protected Information, shall either be returned to the Producing Party or destroyed. All Parties and other persons that received and retained Protected Information shall certify compliance with this section. Notwithstanding the foregoing, the Parties and/or their counsel each may retain copies of any Protected Information to the extent necessary to comply with document retention requirements imposed by law, fiduciary or ethics requirements, or company policy.

    17.    All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order. The Court may enter this Order and such other and further relief as it deems appropriate, and this Protective Order is without prejudice to the right of any party to apply for relief from the Court, formally or informally, including as to matters discussed herein.

                                                        _____
                                                        Hon. Edward M. Chen
                                                        United States District Court Judge

CONSENTED TO:

Dated: June 9, 2016            TRESSLER LLP

                                By:      /s/ Elizabeth L. Musser_____
                                          Paul S. White
                                          Elizabeth L. Musser
                                          Yvonne M. Schulte
                                          Attorneys for Defendant
                                          TRAVELERS PROPERTY CASUALTY
                                          COMPANY OF AMERICA

| | |
|---|---|
| Dated: June 9, 2016 | GREENAN, PEFFER, SALLANDER & LALLY LLP |
| | By: _____/s/ John P. Makin_____<br>John P. Makin<br>Nelson S. Hsieh<br>Robert G. Seeds<br>Joanne M. Wendell<br>Attorney for Defendant<br>AXIS INSURANCE COMPANY |
| Dated: June 9, 2016 | LAW OFFICES OF PAUL SCHROEDER |
| | By: _____/s/ Paul B. Schroeder_____<br>Paul B. Schroeder<br>Attorney for Plaintiffs<br>EDUCATIONAL IMPACT, INC. AND<br>TEACHSCAPE, INC. |
| Dated: June 9, 2016 | ALAN L. FRANK LAW ASSOCIATES, P.C. |
| | By: _____/s/ Alan L. Frank_____<br>Alan L. Frank<br>Attorney for Plaintiffs<br>EDUCATIONAL IMPACT, INC. AND<br>TEACHSCAPE, INC. |

LA-148794 (21-412)

It is so ordered:
_____
EDWARD M. CHEN
U. S. DISTRICT JUDGE

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED / Judge Edward M. Chen]